No. 95-456

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

MONICA A. BUSCH,

  Plaintiff and Appellant,

v.

BRIAN ATKINSON (Michael
Atkinson, Jr.), MICHAEL
ATKINSON, and RITA ATKINSON,

  Defendants and Respondents.

FILED

OCT 24 1996

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

  For, Appellant:

    Randy S. Laedeke, Laedeke law Office, Billings,
    Montana

  For Respondent:

    Michael P. Heringer, Matthew H. Thomas, Brown,
    Gerbase, Cebull, Fulton, Harman & Ross, Billings,
    Montana

Submitted on Briefs: April 11, 1996

Decided: October 24, 1996

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Plaintiff Monica Busch brought this action in the District Court for the Thirteenth Judicial District, Yellowstone County, to recover damages allegedly sustained in an automobile accident involving Defendant Michael Atkinson, Jr. Defendants filed a motion to dismiss based on Plaintiff's failure to have a summons issued within one year of filing the complaint, pursuant to Rule 41(e), M.R.Civ.P. The District Court granted Defendants' motion and ordered the dismissal of this action. We reverse.

We address the following issue on appeal:

Did the District Court err in dismissing Plaintiff's personal injury action because a summons was not issued within one year of the commencement of the action?

Factual and Procedural Background

Plaintiff Monica Busch was injured on February 2, 1989, when Defendant Michael Atkinson, Jr., the minor son of Defendants Michael and Rita Atkinson, rear-ended Plaintiff's vehicle while Plaintiff was stopped at a stop sign. Defendants' insurance company accepted liability and paid for conservative treatment of Plaintiff's cervical strain until it decided Plaintiff's healing period should have ended. Plaintiff stopped treatment for a time but when she decided to resume treatment, Defendants' insurance company refused to reimburse Plaintiff for further treatment.

Plaintiff's counsel sent a letter to Defendants' insurance adjuster requesting that the insurance company resume advancing payment for Plaintiff's medical bills. In a letter dated April 5,

1990, the insurance adjuster stated that his company had already paid $2,900 for various examinations and treatments for Plaintiff and was not interested in advancing any more money for Plaintiff's medical bills. The letter concluded with the statement "[w]hen your client is ready to talk final settlement of this case, we will be open for discussion." Thereafter, Plaintiff continued with conservative treatment and submitted her medical bills to her husband's health insurance carrier.

Plaintiff's counsel filed the complaint commencing this action on January 31, 1992, to prevent the statute of limitations from running. On August 12, 1992, the District Court issued an order requiring Plaintiff to file a status report with the court or to face dismissal of the case. That same month, Plaintiff's counsel experienced problems with the computer in his office resulting in the loss of all data on the-hard drive for the months of June, July and August 1992. Despite these computer problems, counsel filed a Status Report and Objection to Dismissal on September 16, 1992, claiming that he was in continuing negotiations with Defendants' insurance company and stating that the summons and complaint had not been served so that he could continue to deal directly with the insurance company.

In March 1993, Plaintiff's counsel discovered that no summonses had ever been issued in this action. Counsel prepared a summons and took it to the Clerk of Court's Office and attempted to have it issued. The court personnel advised counsel that they could not issue the summons because the one-year period provided by

Rule 41(e), M.R.Civ.P., had expired. Counsel filed a motion with the court on March 9, 1993, for leave to issue a summons beyond the one-year time period provided by Rule 41(e), M.R.Civ.P., on the basis of excusable neglect. He claimed that he mistakenly believed that he had prepared a summons and had it issued soon after he filed the status report with the District Court in September 1992, and that he had not discovered the error sooner because his office calendaring system had been completely wiped out by a computer virus in January 1993.

On May 25, 1993, the District Court denied the motion for leave to issue a summons and ordered the action dismissed based upon the court's finding that the Rules of Civil Procedure require dismissal if no summons has been issued within one year of filing the complaint regardless of the reason for it not being issued. Plaintiff filed a motion for reconsideration on May 28, 1993, under the theory that a summons could be issued on an amended complaint. On July 12, 1993, the District Court granted Plaintiff's motion for reconsideration, vacating the May 25, 1993 order dismissing this action and granting Plaintiff's motion for leave to file an amended complaint and have summons issued on the amended complaint. However, Plaintiff failed to file the amended complaint or have summons issued.

On January 19, 1995, more than 18 months after the District Court granted Plaintiff leave to file, the court sent Plaintiff's counsel a notice advising that Plaintiff's case would be dismissed for failure to prosecute unless good cause was shown why no action

4

had been taken by Plaintiff following the court's issuance of its July 12, 1993 order. In response, Plaintiff filed an amended complaint and three summonses were issued and served on January 26, 1995. However, the day. after these summonses were issued, Plaintiff filed a second amended complaint, without leave of the court, to correct the name of one of the Defendants. The second amended complaint and three new summonses were served on the Defendants and an Affidavit of Service of Process was returned and filed with the Clerk of Court on January 31, 1995, the day the three-year time limit for serving and filing return of service as set forth in Rule 41(e), M.R.Civ.P., was to expire.

On February 15, 1995, Defendants' counsel filed a motion to dismiss under Rule 12(b), M.R.Civ.P., on the basis of insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief may be granted. The District Court granted Defendants' motion on June 28, 1995, and ordered the dismissal of this action. On July 13, 1995, Plaintiff filed a Motion for Reconsideration but failed to file a supporting brief. The District Court denied Plaintiff's Motion for Reconsideration on August 1, 1995, and entered judgment in favor of Defendants, ordering the dismissal of Plaintiff's complaint. Plaintiff appeals.

## Discussion

Did the District Court err in dismissing Plaintiff's personal injury action because a summons was not issued within one year of the commencement of the action?

The District Court dismissed Plaintiff's personal injury action because it determined that Plaintiff's failure to issue a summons within one-year of the commencement of the action as mandated by Rule 41(e), M.R.Civ.P., entitled Defendants to dismissal. The court also determined that, even though Plaintiff was allowed to file an amended complaint, the one-year period to issue a summons prescribed in Rule 41(e), M.R.Civ.P., runs from the commencement of the action and does not begin running anew with the filing of the amended complaint.

Our review of a district court's conclusions of law is plenary. We simply determine whether the court's interpretation of the law is correct. First Call v. Capital Answering Serv., Inc. (1995), 271 Mont. 425, 426, 898 P.2d 96, 96 (citing Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603).

This Court has previously stated that Rule 41(e), M.R.Civ.P., requires dismissal of an action where summons is not issued within one year of the commencement of the action, unless an appearance is made by the defendant within three years of the commencement of the action. Sinclair v. Big Bud Mfg. Co. (1993), 262 Mont. 363, 367, 865 P.2d 264, 266-67; Association of Unit Owners v. Big Sky (1986), 224 Mont. 142, 148, 729 P.2d 469, 472. Rule 41(e), M.R.Civ.P., provides, in pertinent part:

> all actions heretofore or hereafter commenced shall be
> dismissed by the court in which the same shall have been
> commenced, on its own motion, or on the motion of any
> party interested therein, whether named in the complaint
> as a party or not, *unless summons shall have been issued*
> *within 1 year,* or unless summons issued within one year

shall have been served and filed with the clerk of the court within 3 years after the commencement of said action, or unless appearance has been made by the defendant or defendants therein within said 3 years. [Emphasis added.]

Plaintiff argues that a district court has the authority to extend the **time** for a plaintiff to have a summons issued where the failure to act was the result of excusable neglect pursuant to Rule 6(b), M.R.Civ.P., or for good cause pursuant to the rule established in Livingston v. Treasure County (1989), 239 Mont. 511, 781 P.2d 1129 (overruled by Haugen v. Blaine Bank (Mont. No.95-554, decided October 24, 1996): Plaintiff further argues that under Rule 4C(1), M.R.Civ.P., it was the duty of the Clerk of Court to issue the summons when the complaint was filed and that the burden of issuing the summons was wrongfully placed upon the Plaintiff.

We find it unnecessary to address all three of Plaintiff's arguments as her argument regarding Rule 4C(1), M.R.Civ.P., is dispositive of this case. Rule 4C(1), M.R.Civ.P., provides in pertinent part:

> Upon the filing of the complaint, *the clerk shall forthwith issue a summons,* and *shall deliver the summons* either to the sheriff of the county in which the action is filed, or to the person who is to serve it, or upon request, to the attorney for said party who shall thereafter be responsible to see that the summons is served in the manner prescribed by these rules. Upon request, separate or additional summons shall issue against any parties designated in the original action, or against any additional parties who may be brought into the action. [Emphasis added.1

Although this Court has previously stated that the power to issue a summons lies exclusively with the clerk of court and that an attorney can only request that the summons be issued, Larango v.

7

Lovely (1981), 196 Mont. 43, 46-7, 637 P.2d 517, 519, we have not heretofore squarely addressed the precise question raised here-- i.e., should the burden of a Rule 41(e) dismissal fall on the party filing a complaint where the summons is not issued within one year because the clerk of court fails to exercise that power in compliance with Rule 4C(1)? In addressing this issue we appreciate that, historically and **as a matter** of usual practice, attorneys prepare the summons and usually direct the clerk of court to issue **it at** the **time** of filing the complaint or at some later time. Normally the clerk simply complies with the attorney's directive.

However, our task, when called upon to decide a case involving the Rules of Civil Procedure is to simply apply them as written, not to conform the Rules to what may be a prevailing practice actually at odds with what the Rules clearly and unambiguously require. Moreover, in our interpretation of the various Rules of Civil Procedure, we utilize applicable rules of statutory construction. Thus in our interpretation of the Rules, we are required

> simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted [and] [w]here there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all.

Section 1-2-101, MCA. See also First Call, 898 P.2d at 97; Pierce Packing Co. v. District Court, etc. (1978), 177 Mont. 50, 53-54, 579 P.2d 760, 762. Thus, we must attempt to read Rules 41(e) and 4C(1) together and, if possible, give effect to the clear and unambiguous language of both.

8

The plain language in Rule 4C(1), is mandatory and leaves no room for interpretation--"[u]pon the filing of the complaint, *the clerk shall* forthwith issue a summons, *and shall deliver* the summons either to the sheriff . or to the person who is to serve it."  Under Rule 4C(1), neither the complainant nor his or her attorney is obliged to request that the summons be issued nor is the complainant or attorney empowered to direct the clerk not to issue the summons. The attorney for the complainant can request delivery of the issued summons and thereafter become responsible for having it served, but that is the extent of his or her authority with respect to the summons required to be issued by the clerk of court upon the complaint being filed.

Under Rule 4C(1), upon filing the complaint, the clerk of court's duty, without a request from anyone, is to issue the summons and to deliver it for service; no discretion is allowed. This is clear not only from the plain language of the first sentence of Rule 4C(1), which requires no request for issuance of the initial summons, but also from the language of the second sentence of this Rule which provides that " *[u]pon request,* separate or additional summons shall issue."  (Emphasis added.) While the complainant or attorney is obligated to request additional or separate summons, there is no such obligation as to the initial summons to be issued upon filing the complaint; the clerk of court is simply, and without more, required to issue the summons and to deliver it for service.

Since Rule 4C(1) clearly places the initial burden and

mandatory duty of issuing and delivering a **summons on** the clerk of court upon the filing of the complaint, we are unwilling to affirm the trial court sanctioning the Plaintiff with dismissal under Rule 41(e) and with the irrevocable deprivation of her day in court, where that sanction results directly from failure of the clerk--an officer of the court--to perform this duty, which is clearly required under the Rule and is solely within that official's responsibility.

Over a decade ago, we were faced with a somewhat similar issue involving another of the Rules of Civil Procedure, Rule 77(d), and the effect on the running of litigants' appeal times occasioned by the clerk's failure to issue the notice of entry of judgment as required by the Rule. In those situations we uniformly applied the clear language of the Rule and held that the time for filing an appeal did not begin to run until the clerk of court issued the notice of entry of judgment as required by then existing Rule 77(d), M.R.Civ.P. See Pierce Packing Co. v. District Court, etc. (1978), 177 Mont. 50, 579 P.2d 760 (losing party's appeal time did not begin to run where the clerk of court failed to serve notice of entry of judgment as required by then existing provisions of Rule 77(d), M.R.Civ.P., notwithstanding that prevailing counsel gave notice of entry of judgment himself); Matter of Estate of Holmes (1979), 183 Mont. 290, 599 P.2d 344 (even though devisee had actual notice of the entry of the district court's order declaring two-thirds of devise void, the **time** for devisee to appeal did not begin to run where clerk of court failed to send notice of entry of

judgment); Morrison v. Higbee (1983), 204 Mont. 501, 668 P.2d 1029 (appeal filed within 30 days of filing of notice of entry of judgment deemed timely where clerk of court failed to file notice of entry of judgment until three and a half years after the district court filed its findings of fact, conclusions of law and decree); AAR Const. Inc. v. Fergus Elec. Co-op. (1985), 215 Mont. 102, 695 P.2d 819 (losing party's time for filing a post-judgment motion did not begin to run where the clerk of court failed to serve losing party with notice of entry of judgment).

Accordingly, because we hold that the duty of issuing the summons was solely that of the clerk of court's under Rule 4C(1) and that it was not the burden of Plaintiff's counsel to insure that the clerk performed that duty under the Rule, we reverse the District Court's dismissal of Plaintiff's personal injury action and remand for further proceedings allowing Plaintiff's action to proceed. In so doing it is necessary that we make the following observation, however.

We have acknowledged that the clear and unambiguous requirements of Rule 4C(1) do not comport with what has been and is accepted practice. Rule 4C(1) should be amended to remove from the clerk of court the responsibility for insuring issuance of the summons and delivering the same to the process server by placing that responsibility squarely on the back of the party who will suffer the sanction if the summons is not timely issued and served --i.e., on the party filing the complaint. We intend to issue an order amending the rule, forthwith. See for example, our Order

11

dated October 9, 1984, wherein we amended Rule 77(d), M.R.Civ.P., because of practical complications, to, among other things, place the requirement for serving notice of entry of judgment on the prevailing party rather than on the clerk of court.

Reversed and remanded for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

12

Justice Karla M. Gray specially concurs.

While we are ruling in Plaintiff's favor on a technical issue of first impression, our decision should not be construed by Plaintiff's counsel as the reward for any great lawyering on his part. To the contrary, Plaintiff's counsel can hardly be praised for the diligent pursuit of his client's case in this matter. Computer problems notwithstanding, Plaintiff's counsel would be well advised to implement some sort of office practice that will insure better tracking of his case and of his compliance with court orders. If this case were to be decided purely on excusable neglect grounds and without the overlay of the issue involving Rules 4C(1) and 41(e), the result might well be different.

_____
                        Justice

Justice James C. Nelson. concurs in the foregoing special concurrence.

_____
                        Justice

13