No. 97-024

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


RONALD U. LURIE,

Plaintiff and Appellant,

v.

8182 MARYLAND ASSOCIATES,
a Limited Partnership,

Defendant and Respondent.



APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.



COUNSEL OF RECORD:

For Appellant:

Ronald U. Lurie, Pro Se, Bozeman, Montana

For Respondent:

Michael F. McMahon; Harrison, Loendorf, Poston &
Duncan, Helena, Montana



Submitted on Briefs: April 3, 1997

Decided:   May 15, 1997
Filed:


_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.


Ronald U. Lurie (Lurie), appeals from the Eighteenth Judicial District Courtþs order dismissing his complaint due to lack of jurisdiction. We affirm.

Lurie was a general partner and managing partner of the Missouri law firm of Popkin & Stern. In March of 1992, a Chapter 7 involuntary bankruptcy petition was filed against Popkin & Stern in the United States Bankruptcy Court for the Eastern District of Missouri. 8182 Maryland Associates (8182 Maryland), is the largest creditor

in Popkin & Sternþs bankruptcy and owns the building where Popkin & Stern conducted its law practice.

8182 Maryland Associates is a limited partnership with one general partner and ten limited partners. Nancy Lurie, Ronald Lurie's wife, is a limited partner in 8182 Maryland. The general partner is a Missouri corporation, and each of the limited partners except Nancy Lurie are residents of the state of Missouri. The Luries are presently residing in the state of Montana.

In June of 1996, Lurie filed a complaint against 8182 Maryland in Montanaþs Eighteenth Judicial District Court alleging that 8182 Maryland breached a Global Settlement Agreement which was approved by the Bankruptcy Court in Missouri and executed between the parties in settlement of ongoing litigation arising out of various pending actions in the state of Missouri. In his complaint, Lurie maintains that the Eighteenth Judicial District Court for the state of Montana has jurisdiction because the action is between citizens of the state of Montana and the amount in controversy exceeds $50,000.

The District Court determined that exercise of long arm jurisdiction over 8182 Maryland was not justified under the seven factors set forth in Nelson v. San Joaquin Helicopters (1987), 228 Mont. 267, 271-72, 742 P.2d 447, 450. After considering each factor, the District Court "declined" jurisdiction. Lurie contends that 8182 Maryland is a citizen of Montana and thus the Montana courts have jurisdiction over suits against 8182 Maryland under Rule 4B, M.R.Civ.P. He contends that since 8182 Maryland is a citizen of Montana, the District Court erred in engaging in a long-arm jurisdiction analysis. Rather, since 8182 Maryland is a citizen of the state of Montana, the state need not "acquire" jurisdiction over 8182 Maryland, and, finally, that the Montana court does not have the option of "declining" jurisdiction over a Montana citizen.

We agree that long-arm jurisdiction was not the appropriate analysis since Lurie is not arguing long-arm jurisdiction, but rather that 8182 Maryland is a person found in the state for purposes of general jurisdiction under the first sentence of Rule 4B(1), M.R.Civ.P. The question of whether a court may "decline" jurisdiction would arise only if the court had jurisdiction in the first instance. Since we conclude that there is no jurisdiction, we need not address the issue of whether a court can "decline" to exercise jurisdiction.

We restate the issue as follows:

Whether 8182 Maryland, by virtue of a limited partner's residency in Montana, is a person who can be found in the state of Montana and thus subject to general jurisdiction under Rule 4B(1), M.R.Civ.P.

Discussion

The standard of review of a district courtþs conclusions of law is whether the courtþs interpretation of the law is correct. Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686; see also Kreger v. Francis (1995), 271 Mont. 444, 898 P.2d 672.

In determining whether there is in personam jurisdiction, we first determine whether the party comes within the general jurisdiction of the court or qualifies under the long-arm jurisdiction statutes.

Rule 4B(1), M.R.Civ.P., states in relevant part:

(1) Subject to jurisdiction. All persons found within the state of Montana are subject to the jurisdiction of the courts of this state. In addition, any person is subject to the jurisdiction of the courts of this state as to any claim for relief arising from the doing personally, through an employee, or through an agent, of any of the following acts:

(a) the transaction of any business within the state;

(b) the commission of any act which results in accrual within this state of a tort action;

(c) the ownership, use or possession of any property, or of any interest therein, situated within this state;

. . . .

We have characterized the substance of Rule 4B, M.R.Civ.P., as follows:
The first sentence deals with the question of general jurisdiction, that is, whether the party can be "found within" the state. A party is "found within" the state if he or she is physically present in the state or if his or her contacts with the state are so pervasive that he or she may be deemed to be physically present there. A nonresident defendant that maintains "substantial" or "continuous and systematic" contacts with the forum state is found within the state and may be subject to that state's jurisdiction even if the cause of action is unrelated to the defendant's activities within the forum.

Simmons Oil Corp. v. Holly Corp. (1990), 244 Mont. 75, 83, 796 P.2d 189, 194 (citations omitted).

If a defendant's activities or presence in the state is not sufficient to constitute a finding that the defendant can be "found" within the state so as to subject it to Montana's general jurisdiction, we then proceed to an analysis of whether the exercise of long-arm jurisdiction would be commensurate with defendant's due process rights. San Joaquin Helicopters, 742 P.2d at 449. Although the District Court analyzed the case in terms of whether the court should exercise long-arm jurisdiction, we note that Lurie eschews any reliance on a long-arm jurisdiction theory. His sole argument is that 8182 Maryland is a citizen of, and present in, the state of Montana and is therefore subject to the general jurisdiction of our state courts under the first sentence of Rule 4B(1), M.R.Civ. P.

Lurie contends that since limited partner Nancy Lurie is a citizen of Montana, so too is the limited partnership. In support of his argument, Lurie cites to the United States Supreme Court decision, Carden v. Arkoma Associates (1990), 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157. Carden involved an action between a limited partnership, Arkoma Associates (Arkoma), organized under Arizona law, and two citizens of the state of Louisiana, Tom Carden and Leonard Limes (the Defendants). In Carden, the Defendants moved to dismiss the case contending that there was no diversity of citizenship because one of Arkoma's limited partners was a citizen of the state of Louisiana. The district court denied the motion. The United States Supreme Court reversed because the district court failed to consider limited partners as well as general partners in determining whether there was diversity of citizenship under 28 U.S.C.A. 1332. The Carden Court held, "[i]n sum, we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members.' " Carden, 494 U.S. at 195 (citation omitted).

Lurie maintains that, in accordance with the United States Supreme Court's holding in Carden, Nancy Lurie's citizenship in Montana must be considered in determining whether the District Court has jurisdiction over 8182 Maryland. Lurie contends that because limited partner Nancy Lurie is a citizen of the state of Montana, the District Court has jurisdiction over 8182 Maryland under Rule 4B(1), M.R.Civ.P. In other words, because limited partner, Nancy Lurie can be "found" within the state of Montana, the partnership itself (8182 Maryland) may also be "found" within the state of Montana. Thus, Lurie concludes, a suit between Lurie and 8182 Maryland is a suit between two citizens of the State of Montana and falls within the purview of general jurisdiction.

Lurie's reliance on the United States Supreme Court's holding in Carden is misplaced. Carden involves the interpretation of a federal statute, 28 U.S.C.A. 1332, which defines federal diversity of citizenship jurisdiction. Montana state district courts do not apply diversity of citizenship principles in order to determine jurisdiction. Rather, they apply Montana statutory law and the "minimum contacts" principles enunciated in International Shoe Co. v. Washington (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; Estate of Ducey (1990), 241 Mont. 419, 787 P.2d 749, to determine whether the defendant's activities are so "substantial" or "systematic and continuous" that it can be said the defendant is "found" within the state.

Lurie does not contend that 8182 Maryland's activities are so substantial or continuous that it can be "found" in the state of Montana.  Rather, he contends that since one limited partner of 8182 Maryland resides in the state of Montana, the partnership itself is therefore a citizen of the state of Montana.  We reject his contention.  Carden's holding that a limited partnership is a citizen of each state in which any of its partners, either general or limited, hold citizenship, is not controlling outside the context of determining federal diversity jurisdiction.  We hold that the mere fact that a limited partner resides in Montana does not mean that the limited partnership is therefore a "person" found in this state for purposes of general jurisdiction.  Furthermore, the mere fact than a partner resides in this state does not establish the minimum contacts necessary to warrant a finding that the limited partnership can be "found" within the state for purposes of general jurisdiction.

The District Court's decision dismissing Lurie's complaint is affirmed.

/S/  W. WILLIAM LEAPHART

We concur:

/S/  J. A.  TURNAGE
/S/  JAMES C. NELSON
/S/  KARLA M. GRAY
/S/  TERRY N. TRIEWEILER