No.  96-640

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


THE ASSOCIATED PRESS; BIGFORK EAGLE; THE BILLINGS
GAZETTE; BOZEMAN DAILY CHRONICLE; THE MONTANA
STANDARD;      GREAT FALLS TRIBUNE; HAVRE DAILY
NEWS; HELENA INDEPENDENT RECORD; THE DAILY
INTER LAKE; KECI-TV, MISSOULA; KFBB-TV, GREAT FALLS;
KXLF-TV, BUTTE; KRTV-TV, GREAT FALLS; KTVQ-TV,
BILLINGS; KULR-TV, BILLINGS; LIVINGSTON ENTERPRISE;
MILES CITY STAR; MISSOULIAN; MONTANA NEWSPAPER
ASSOCIATION; NEWS MONTANA, INC.; (as publishers of
BIGHORN COUNTY NEWS, CARBON COUNTY NEWS,
and STILLWATER COUNTY NEWS); RAVALLI REPUBLIC; and
THE SOCIETY OF PROFESSIONAL JOURNALISTS,
MONTANA CHAPTER,
Plaintiffs and Appellants,
v.

THE MONTANA SENATE REPUBLICAN CAUCUS; THE
MONTANA SENATE DEMOCRATIC CAUCUS; THE
MONTANA HOUSE OF REPRESENTATIVES REPUBLICAN
CAUCUS;  and THE MONTANA HOUSE OF REPRESENTATIVES
DEMOCRATIC CAUCUS,
Defendants and Respondents.


APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:
For Appellant:
James P. Reynolds, Reynolds, Motl and Sherwood, Helena, Montana
For Respondent:
Stanley T. Kaleczyc, Oliver H. Goe, Browning, Kaleczyc, Berry & Hoven,
Helena, Montana


Heard: October 23, 1997
Submitted: October 30, 1997
Decided: December 18, 1997
Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.


This is an appeal from the District Court's November 16, 1995 order dismissing the Appellants' complaint. The trial court held that the Respondent Senate and House Republican and Democratic party in-session caucuses were not persons within the meaning of Rule 4A, M.R.Civ.P., and that, therefore, the court did not have jurisdiction over them. Subsequently, on July 12, 1996, the court's order was converted into one for summary judgment, and this appeal followed. We reverse and remand for further proceedings.

Issue

We address but one issue in this appeal: Under Montana law, are the Senate and House caucuses of the Republican and Democratic parties "persons" within the meaning of Rule 4A, M.R.Civ.P.? We answer this question in the affirmative.

Background

The Appellants (Plaintiffs in the underlying action) are twenty-two Montana newspapers, television stations and trade and professional news organizations, hereafter collectively referred to as the media. The Respondents (Defendants in the underlying action) are the State Senate and House caucuses of the Republican and Democratic parties. The Respondents are hereafter collectively referred to as the caucuses.

The media filed their complaint on February 17, 1995, alleging that, for a variety of reasons, the caucuses are public bodies or agencies of state government performing public functions in public facilities at public expense. The media further alleged that the proceedings and records of the caucuses were closed to the media and to the public in violation of Montana's Open Meetings law, Title 2, chapter 3, part 2, MCA; in violation of Montana's Public Records law, Title 2, chapter 6, part 1, MCA; and in violation of the Right-To-Know provision of Article II, Section 9 of the Montana Constitution. The media prayed for declaratory and injunctive relief and for costs and attorney fees.

Four legislators serving in the 1995 Legislature, Senate Majority Leader John Harp, Senate Minority Leader Mike Halligan, Speaker of the House John Mercer and then-House Minority Leader Ray Peck, were served with process. These four legislators entered a special appearance, by counsel, without admitting that they were the proper persons to receive service of process on behalf of the caucuses. In due course they filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), M.R.Civ. P., contending, among other things, that the caucuses were not "persons" within the meaning of Rule 4, M.R.Civ.P., and that the caucuses were, therefore, not subject to the jurisdiction of the court.

Relying on our decision in Common Cause v. Statutory Committee (1994), 263 Mont. 324, 868 P.2d 604, the District Court effectively differentiated between the pre-session and the in-session party caucuses. The court held that, because pre-session

caucuses are required by õ 5-2-201, MCA, to meet and because they clearly perform a governmental or public purpose these caucuses are subject to the Open Meetings law. On the other hand, the court concluded that while the party caucuses are not the legislature nor are they an official body or committee of the legislature, the caucuses are "a 'de facto' part of the legislative process where important public policy issues are discussed by legislators.þ  The court then ruled that the caucuses are not "persons" within the meaning of Rule 4A, M.R.Civ.P., since the caucuses are neither unincorporated associations nor groups of two or more persons having a joint or common interest nor any other legal or commercial entity.  Rather, the court concluded that the party caucuses are unofficial gatherings of legislators and not separate legal entities, and, therefore, they are not persons within the meaning of Rule 4A.  On this rationale, the District Court denied the motion to dismiss the media's complaint as to the pre-session caucuses, but granted dismissal, and later converted that to summary judgment, as to the in-session caucuses.

The media timely appealed the court's grant of summary judgment dismissing their complaint as to the in-session caucuses. No cross-appeal was filed by the caucuses, however, as to the court's ruling on the pre-session caucuses.

## Standard of Review

As stated above, the court dismissed the media's complaint for failure to state a claim and then converted the order of dismissal into one for summary judgment concluding that it lacked jurisdiction because the in-session caucuses are not persons within the meaning of Rule 4A, M.R.Civ.P.   Under these circumstances our  review of the trial court's decision, de novo, is clearly mandated.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Moreover, a motion to dismiss for failure to state a claim under Rule 12(b)(6), M.R.Civ.P., has the effect of admitting all well-pleaded allegations in the complaint.  In considering the motion, the complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true.  The determination that a complaint fails to state a claim upon which relief can be granted is a conclusion of law which we review de novo. Common Cause of Montana v. Argenbright (1996), 276 Mont. 382, 386, 917 P.2d 425, 427 (citations omitted).

In like manner, a court's determination of  its jurisdiction  is a conclusion of  law over which our review is plenary.  See Lurie v. 8182 Maryland Associates (Mont. 1997), 938 P.2d 676, 678, 54 St. Rep. 429, 430; Agri West v. Koyama Farms, Inc. (Mont.

1997), 933 P.2d 808, 810, 54 St. Rep. 118, 119; Bird v. Hiller (1995), 270 Mont. 467, 470, 892 P.2d 931, 932. Finally, as to motions granting summary judgment, it is well-settled that we review a district court's grant of summary judgment de novo, applying the same Rule 56(c), M.R.Civ.P., criteria used by that court. Ash Grove Cement Co. v. Jefferson County (Mont. 1997), 943 P.2d 85, 88, 54 St. Rep. 756, 758 (citation omitted).

## Discussion

The media argue, and we agree, that the word "caucus" has two related, yet distinct meanings. On the one hand a "caucus" can be a group of persons sharing common interests and attempting to influence the decision of a larger group. In this context a caucus is "[a] group within a legislative or decision-making body seeking to represent a specific interest or influence a particular area of policy," American Heritage Dictionary 304 (3d ed. 1992), or "a group of people united to promote an agreed-upon cause," Merriam-Webster's Collegiate Dictionary 182 (10th ed. 1997).

On the other hand, "caucus" can refer to the meetings of such groups. Under this usage of the word, caucus is variously defined as "a closed meeting of a group of persons belonging to the same political party or faction [usually] to select candidates or to decide on policy," Merriam-Webster's Collegiate Dictionary 182 (10th ed. 1997); "[a] meeting of the legal voters of any political party assembled for the purpose of choosing delegates or for the nomination of candidates for office," Black's Law Dictionary 220 (6th ed. 1990); or "[a] closed meeting of party members within a legislative body to decide on questions of policy or leadership," American Heritage Dictionary 304 (3d ed. 1992).

In their complaint, the media carefully differentiated between the two definitions, focusing their claims for purposes of this case on the first definition of caucus. Specifically, the media defined each of the four defendant caucuses as consisting of state senators or representatives elected, respectively, to the state Senate or House on either the Republican or Democratic party ticket.

In determining that the media's complaint should be dismissed, the District Court, however, effectively adopted the argument of the caucuses and rejected the first definition --i.e., that a caucus is a group of people sharing a common interest and seeking to promote a specific interest, policy or cause--and, instead, narrowed its determination to the second definition--i.e., that party caucuses are unofficial gatherings of legislators and not separate legal entities. While the court grounded its ruling on our decision in Common Cause v. Statutory Committee (1994), 263 Mont. 324, 868 P.2d 604, we did not address in that case the issue presented here, and, accordingly, we do not find our decision dispositive as to this issue.

If the "group" definition of caucus (as opposed to the "gathering" or "meeting" definition) is valid--and we have been cited to no authority that would lead us to the conclusion that it is not--then, the question simply becomes whether the caucuses as "groups of persons sharing a common interest" fit within the definition of "persons" within the meaning of Rule 4A, M.R.Civ.P.  We conclude that they do.

At the outset, we note that while the parties have injected into this appeal arguments which more properly go to the underlying merits of the case, in actuality, the narrow question of law at issue here is not particularly complex.  We conclude that this legal issue is resolved on the plain language of Rule 4A itself and that we need not resort to the various out-of-state authorities cited in the briefs.

When we are called upon to interpret the Rules of Civil Procedure, we utilize applicable rules of statutory construction.  Thus in our interpretation of the Rules, we are required

simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted [and][w]here there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all.

Busch v. Atkinson (1996), 278 Mont. 478, 483-84, 925 P.2d 874, 877 (citations omitted).

Rule 4A, M.R.Civ.P., defines "person" as follows:

As used in this rule, the word "person," whether or not a citizen or resident of this state and whether or not organized under the laws of this state, includes an individual whether operating in the individual's own name or under a trade name; an individual's agent or personal representative; a corporation; a business trust; an estate; a trust; a partnership; an unincorporated association; and any two or more persons having a joint or common interest or any other legal or commercial entity. [Emphasis added].

Clearly, a party caucus, whether defined as a group or a gathering, is not an individual, a corporation, a business trust, an estate, a trust or a partnership within the meaning of Rule 4A.  Neither the media nor the caucuses argue to the contrary.  If a party caucus is a person within the meaning of Rule 4A, then the caucus must be either an  "unincorporated association" or "any two or more persons having a joint or common interest."  We hold that the caucuses fit within both definitions.

In their brief to the trial court, while focusing on the "gathering" or "meeting" definition of caucus, the caucuses, nevertheless, defined themselves and their activities thus:

These caucuses are meetings of members of a political party who periodically come together to discuss matters of common interest, including matters related to their respective party meetings, their party's platform, elections and election related activities, and personal matters, as well as issues generally related to substantive or procedural matters at the Montana

legislature, including matters previously proposed or considered, matters which are currently pending, and matters which may be proposed in the future.

These meetings provide an opportunity for individuals who are elected to the Montana Senate or House and share a common political philosophy by which they are known and elected, which philosophy is identified by their political party affiliation, to gather together, think out loud, formulate ideas, and discuss among other things, various political, social, and public policy issues in private. This ability to associate and to discuss political ends in a private setting is an integral part of the free flow of political thought and ideas between and among members of the respective political parties who are elected to the legislature.

While the term "unincorporated association" is not defined in either Montana's statutory or case law, Black's Law Dictionary defines this term as, among other things, a "[v]oluntary group of persons, without a charter, formed by mutual consent for [the] purpose of promoting [a] common enterprise or prosecuting [a] common objective." Blackþs Law Dictionary 1531 (6th ed. 1990). Comparing how the caucuses define themselves and their activities with this definition of "unincorporated association," it is evident that the caucuses fit neatly within its parameters. The caucuses are voluntary, they are a group of persons, they do not have a charter, they are formed by mutual consent, and they meet to discuss and promote common objectives.

The caucuses, nevertheless, argue that an "unincorporated association" is not an entity and has no status distinct from the persons composing it, but is rather a body of individuals acting together for the prosecution of a common enterprise without a corporate charter but upon methods and forms used by a corporation. The short answer to this argument is that nothing in Rule 4A, in Montana's statutes or in our prior case law, so restrictively defines an unincorporated association for purposes of determining whether it is subject to the jurisdiction of this state's courts and to service of process. Regardless of whether the powers and authority of an unincorporated association may be limited in one way or another by other specific statutes, rules or by the case law, we are not persuaded that any good purpose is served by so narrowly defining the term unincorporated association in the context of determining personal jurisdiction under our Rules of Civil Procedure. And, we are not cited to any compelling authority that would dictate a conclusion to the contrary.

More importantly, restricting those who can be sued in Montana's courts by judicially adopting definitional restrictions not found in the plain, broad language of our statutes and procedural rules flies directly in the face of the open courts provision of

Article II, Section 16 of the Montana Constitution. Certainly, it will be of little consolation to the Montana citizen or business injured by a body of individuals acting together for the prosecution of a common enterprise without a corporate charter that such citizen or business is deprived of access to our courts and to a remedy for the wrong done simply because this body perpetrated its mischief without methods and forms used by a corporation. Worse, the likely consequence of our adopting such a narrow definition of unincorporated association under Rule 4A would be to effectively immunize the myriad unincorporated hate groups and paramilitary organizations in this state--many of which pride themselves on their lack of formality and structure--from suit in our civil courts. We refuse to so lightly create such a safe harbor for tortfeasors and other wrongdoers.

Accordingly, we hold that the caucuses are persons within the meaning of Rule 4A by reason of their being unincorporated associations.

The media also maintain that the caucuses are persons for Rule 4A purposes because these bodies are "two or more persons having a joint or common interest." As to this argument we need pause only momentarily. Referring back to the manner in which the caucuses have defined themselves and their activities, and for the same reasons that we rejected a narrowing interpretation of the term unincorporated association, we likewise conclude  that the caucuses also fit within this definition of "person" under Rule 4A. Without question, the caucuses are comprised of two or more persons; they have a joint or common interest; and there is no requirement in our statutes, rules or case law that limits this definition to only legal entities for purposes of determining the jurisdiction of our courts and for service of process. We hold that the caucuses are "persons" within the meaning of Rule 4A by reason of their being "two or more persons having a joint or common interest."

Finally, having decided the issue on appeal on the basis of the plain language of Rule 4A, there remains to be mentioned, however, one further point that lends support to our analysis. As mentioned above, the District Court refused to dismiss the media's complaint as to the pre-session caucuses but did grant dismissal of the complaint as to the in-session caucuses. In doing so, the court effectively held that the pre-session caucuses are persons for Rule 4A purposes--for if they are not, then the pre-session caucuses would be no more subject to suit , subject to the jurisdiction of the court and subject to service of process than the in-session caucuses. This ruling--that the pre-session caucuses

are persons, but that the in-session caucuses are not--makes little sense. While the pre-session caucuses have certain statutorily defined duties under õõ 5-2-201, 202 and 203, MCA, there is nothing in these statutes that supports a conclusion that at twelve noon on the day appointed for the meeting of a regular session of the legislature the caucuses suddenly cease being or doing what they were and did before that magic hour.  In fact, the law directs the caucuses to perform certain duties during the session as well.  See õ 5-2-221(4), MCA (the majority and minority floor leaders and the majority and minority whips  of the Senate and the House are elected by their respective caucuses).

Importantly, however, it is not the statutory duties that cause the pre-session caucuses to be persons within the meaning of Rule 4A.  Rather, it is because these caucuses are groups of persons sharing common interests and attempting to influence the decision of a larger group; groups within a legislative or decision-making body seeking to represent a specific interest or influence a particular area of policy; and groups of people united to promote an agreed-upon cause, that brings them within the definitions of "unincorporated association" and "two or more persons having a joint or common interest" and which, thus, renders them persons within the meaning of Rule 4A. Likewise, and for these same reasons, the in-session caucuses are persons for Rule 4A purposes as well.

We hold that the Republican and Democratic party Senate and House caucuses--the Respondents in this appeal and the Defendants in the underlying action--are persons within the meaning of Rule 4A, M.R.Civ.P.  Accordingly, we reverse the order of dismissal and order granting summary judgment entered by the District Court, and we remand for further proceedings.

Reversed and remanded.


/S/  JAMES C. NELSON


We Concur:

/S/  WILLIAM E. HUNT, SR.
/S/  JIM REGNIER
/S/  TERRY N. TRIEWEILER
/S/  W. WILLIAM LEAPHART


Justice Karla M. Gray, dissenting.


I respectfully dissent from the Court's opinion because, in my view, the Court has adopted and applied the wrong definition of "caucus."  Thus, while I also disagree with portions of the Court's discussion about the Rule 4A, M.R.Civ.P., terms

"unincorporated association" and "any two or more persons having a joint or common interest," I would not reach those issues because applying the correct definition of "caucus" precludes this case from coming within the purview of Rule 4A's listing of "persons" subject to suit in Montana.

The Court states, and correctly so, that the word "caucus" has two separate and distinct meanings. The first is the "group of persons" definition; the second is the "meeting" or "gathering" definition. The Court then implicitly chooses the "group" definition, apparently on two bases: first, that the media said it was so in its complaint; and second, that no authority had been cited to support the conclusion that the "group" definition is not valid. I disagree.

With regard to the complaint, I agree that the media carefully phrased its allegations to meet the "group" definition of caucus. The caucuses just as carefully phrased their pleadings and briefs to satisfy the "meeting" definition, as the Court's quote of the caucuses' self-definition points out. The question before us is not, however, one of "artful pleading." The question is which definition of "caucus" applies here. I submit that Montana statutes provide the dispositive answer and thus preclude the Court from merely choosing among competing definitions.

Caucuses are referenced in statutes concerning the organization of the Montana Legislature. Section 5-2-201, MCA, provides for presession caucuses via its mandate that, by  December 1 of each year in which legislative elections are held, the parties of each legislative house "shall hold a presession caucus. . . ."  (Emphasis added.) The purposes of "the caucus" also are specified. It is clear that "the parties" cannot "hold" a "group of persons." Thus, I submit that this statute clearly expresses the legislature's intent that a "caucus" is a meeting or a gathering, rather than a group of persons.

Section 5-2-202, MCA, also references caucuses and further buttresses the conclusion that, in Montana, a legislative caucus is a meeting or gathering rather than a group of persons. That statute addresses legislators nominated to leadership positions "during the presession caucus." It simply is not reasonable to interpret the language in õ 5-2-202, MCA, as addressing legislators nominated during the presession "group of persons."

I acknowledge that the quoted statutes address only presession caucuses and that the issues before us relate to caucuses held during legislative sessions. It is my view, however, that the legislature has provided the applicable definition of caucuses via these statutes and that this Court cannot properly just choose the alternative definition for

purposes of this case.

Because application of the proper definition renders a caucus a "meeting," it is clear that a "meeting" cannot be sued.  As a result, it is unnecessary to reach the question of whether a caucus is a "person"--that is, an unincorporated association or two or more persons having a joint or common interest--under Rule 4A.

/S/   KARLA M. GRAY

Chief Justice J. A. Turnage dissenting.

I join in the dissent of Justice Karla M. Gray.

I further respectfully dissent to the majority opinion holding that a legislative caucus is an "unincorporated association."  This holding is totally unnecessary to the majority holding that, for the purpose of Rule 4A, M.R.Civ.P., a caucus is "any two or more persons having a joint or common interest."

Notwithstanding that Rule 4A, in its attempt to define persons for jurisdiction and service of process, has included in a long list of recognizable legal entities "an unincorporated association," such inclusion is neither logical or practical for the purpose of jurisdiction and service of process.  The inclusion of "unincorporated associations" should be deleted from Rule 4A.

Rule 4D(e), M.R.Civ.P., requires service of process upon "an incorporated association" by delivery of a copy of the summons and complaint to an office, director, superintendent, managing or general agent or partner or associate or with a person in charge of such office or by delivery to the registered agent or other agent designated by statute.  Undoubtedly in Montana there are hundreds of "unincorporated associations," none of which have any structure that would allow service, as a practical matter, under Rule 4D(e), ranging from volunteers who participate in such worthwhile endeavors as gray ladies, hospice volunteers, community watch, altar societies, bridge clubs and many other such "associations" unincorporated and without officers, agents, or offices.

Further, in the not unlikely event such entities are named as a party in litigation and damages are awarded, what defendants must pay the judgment?  Upon whose property would a judgment lien attach?  In the event the "association" should be awarded judgment, who shares in the award and who can lawfully satisfy the judgment of record?

If the majority fears that some one or some association would escape liability for

a tort, they need have no fear--some real live person or persons must by necessity have committed the wrong, can be identified, and properly named a party.

/S/  J. A.  TURNAGE