No. 89-44

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

ERMINDO ZAVARELLI,

       Plaintiff and Respondent,

  -vs-

ANGELA MIGHT,

       Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Connell & Beers; Thomas J. Beers, Missoula, Montana

    For Respondent:

        John C. Schulte, Missoula, Montana
        Hugh Kidder, Missoula, Montana

Submitted on Briefs: June 30, 1989

Decided: September 14, 1989

Filed:

_____
       Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.


This appeal presents a procedural issue as to the power of a district court, upon remittitur and remand of a cause to the District Court from this Court "for further proceedings." We determine that a district court, on reversal and remittitur from this Court "for further proceedings," is reinvested with full jurisdiction of the cause, and that the issues raised in the cause are generally open for the District Court's decision, except only for legal conclusions controlled by the law of the case established in the reversal.

Angela Might appeals from a decision of the District Court, Fourth Judicial District, Missoula County, which held adversely to Angela that the common boundary line between her real property and that of her brother, Ermindo Zavarelli, followed an historic old board fence.

Ermindo Zavarelli and Angela Might are brother and sister. Through the probated Will of their father, in 1968, they each became life tenants with undivided interests in the whole of certain abutting tracts of land in Missoula County, previously owned by the father.

The father died in 1966. Beginning in that year, Ermindo commenced building certain apartment buildings on the property subject to then undivided life estates of the parties. This continued until eight apartments were built, all of them being situated on Lot 18, Cobban and Dinsmore Orchard Homes No. 2.

Ermindo obtained permits for the installation of septic tanks and sewer drainage lines from the Missoula County Health Department. The District Court found that part of a septic tank system (or sewer system) intruded on lands

- 2 -

contained within the Eddy Edition to the south of Lot 18. The court further found that Ermindo placed the septic tanks on the property, before the life estate interests were divided, north of a board fence which the court found was understood by the parties to be on the south property line of Lot 18.

On February 25, 1971, Ermindo made, executed and delivered to Angela a quitclaim deed to certain of the real property, and in return on the same date Angela made, executed and delivered a quitclaim deed to Ermindo to certain of the real property. The remaindermen after the life estates were all grandchildren of the deceased father and all of the remaindermen joined in the execution and delivery of the quitclaim deeds. Thus, the issues in this case involve only the rights of the life estate holders, Ermindo and Angela.

The District Court further found and concluded that the parties had by mutual agreement divided the property subject to the life estates between them by delineating in the quitclaim deeds the exact descriptions of the property each was to own. They further found that they relied on the legal descriptions as set forth in recorded subdivision plats in Missoula County and that they were both under the impression that the fence erected by the father was a boundary line between the two divided properties.

In the first trial of this cause, the District Court did not disturb the descriptions of the property deeded by Angela to Ermindo in the mutual quitclaim deeds. Instead, the District Court concluded that Ermindo had obtained a prescriptive easement to that parcel of the property, which under the description of the quitclaim deeds, belonged to Angela. That judgment of the District Court was appealed by

Angela to this Court, and in Zavarelli v. Might (Mont. 1988), 749 P.2d 524, 45 St.Rep. 211, we reversed the holding that Ermindo had a prescriptive easement over Angela's lands. In reversing and remanding the cause for further proceedings in the District Court, we said:

> Ermindo's complaint proceeds on the theory that he and Angela had divided the property in accordance with directions received from the father and that the true boundary line between their property should have been that marked by a board fence south of Lot 18. Although the District Court made findings and conclusions respecting the location of the fence, the judgment that there was a prescriptive easement, is a refutation of any title to the disputed area in Ermindo and is, instead, a conclusion that Angela owned the line up to the subdivision line in Lot 18, but subject to the purported prescriptive easement of Ermindo. Ermindo cannot both own the surface of land up to the line of the board fence, and have a prescriptive easement under the same ownership. The easement would merge in the title. Ermindo could not claim title to the surface of the disputed area south of Lot 18 by adverse possession, since he does not pay the taxes thereon. Section 70-19-411, MCA.
>
> Since the prescriptive easement cannot be supported, the judgment must be reversed. We remand for such further proceedings as are necessary in the light of this opinion _and_ _the_ _facts_ _found_ _by_ _the_ _District_ _Court_. (Emphasis supplied.)

When the District Court received the cause again after reversal and remand to it, the court held further proceedings. Angela moved for a judgment from the District

- 4 -

Court ejecting Ermindo Zavarelli from Angela's property and requiring him to remove the existing sewer system. On the other hand, Ermindo moved for summary judgment, claiming that on the facts already found by the District Court the descriptions of the quitclaim deeds to each other constituted a mutual mistake between the parties, because of their intention to fix the common boundary line to that of the old board fence.

In deciding the matter, the District Court made no further findings of fact, but made additional conclusions of law to the effect that when the parties divided their respective ownership interests in the real property, they agreed and understood that the real property would be divided along a boundary fence, which they mistakenly believed represented the boundary line as shown on described tracts on the records of Missoula County; that because of their mutual mistake, the deeds did not accurately convey to each other the exact parcels that were intended to be transferred, and concluded that the exact proper line of the historic old board fence was one which the court described with particularity. The District Court thereupon quieted title in Ermindo for the duration of his life estate in the real property up to the old board fence. This judgment had the effect of including within Ermindo's real property the sewer system above-mentioned.

Angela has now appealed a second time to this Court from the decision of the District Court. She contends on appeal that under our former Opinion in Zavarelli v. Might, supra, the District Court on remand had to conclude and enter a judgment that she was the owner of the disputed property, that Ermindo was trespassing thereon, and that the court

- 5 -

erred in allowing a new affirmative defense of mutual mistake.

Angela's contention that the District Court was duty bound after remand and remittitur to hold Ermindo a trespasser on her land requires an examination of the doctrine of "law of the case." In explaining "law of the case," this Court has said:

> The rule is well established and long adhered to in this state that where, upon an appeal, the Supreme Court, in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case, and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal; . . . It is a final adjudication from the consequences of which this Court may not depart, nor the parties relieve themselves [citing cases].

Carlson v. Northern Pacific Railway Co. (1929), 86 Mont. 78, 281 P. 913, 914. See also Fiscus v. Beartooth Electric Cooperative (1979), 180 Mont. 434, 591 P.2d 196.

It is generally true, however, that the doctrine of law of the case applies to questions of law which are decided on the case. The doctrine does not apply to questions of fact:

> The general principle seems to be that the doctrine of the law of the case applies only to determinations of questions of law and not to questions of fact. It has been said that the doctrine of the law of the case applies to all questions of law identical to those on the former appeal, and on the same facts and to the same questions only, that the doctrine is rarely, and in a very limited classification, applied to matters of evidence as distinguished

> from rulings of law, and that a decision
> on appeal on a question of fact does not
> generally become the law of the case,
> nor estop the parties on a second trial
> from showing the true state of facts.

5 Am.Jur.2d 198, Appeal and Error § 755 (1962).

Under the doctrine of law of the case, therefore, the District Court on remand was precluded from determining as a matter of law that Ermindo had acquired a prescriptive easement over property owned by Angela. However, our order of reversal and remittitur told the District Court that the remand was "for such further proceedings as are necessary in the light of this opinion and the facts found by the District Court." Under the facts found by the District Court in the first trial, it had concluded that the parties intended to divide their property using as a common boundary line an old board fence.

The rule of law of the case, therefore, precluded the District Court from making any further conclusions that would have the effect of establishing a prescriptive easement in Ermindo. The rule of law of the case did not, however, preclude the District Court from reaching a different conclusion of law based on the facts which it had already found.

We come now to the effect of the mandate from this Court to the District Court when, on reversal and remittitur, the District Court was instructed to take "such further proceedings as are necessary in light of this opinion and the facts found by the District Court."

> On remand, the trial court may consider
> or decide any matters left open by the
> appellate court, and is free to make any
> order or direction in further progress
> of the case, not inconsistent with the

> decision of the appellate court, as to
> any question not presented or settled by
> such decision. The issues are generally
> open on a retrial when a case is re-
> versed and remanded for further proceed-
> ings. If the mandate speaks only in the
> light of the special facts found, the
> lower court is at liberty to proceed in
> all other respects in the matter that,
> according to its judgment, justice may
> require. The trial court should examine
> the mandate and the opinion of the
> reviewing court and proceed in conformi-
> ty with the views expressed therein.
> The mandate is to be interpreted accord-
> ing to the subject matter and, if possi-
> ble, in a manner to promote justice.

5 Am.Jur.2d 420, 421, Appeal and Error, § 992 (1962).

When this Court reversed the first judgment of the District Court as to a prescriptive easement, and remanded the cause to the District Court for further proceedings, the cause was then before the District Court in the posture of not having a final judgment. In that situation, when there is nothing in the terms of the mandate to prevent it, the trial court has the power, on reconsideration, to find the same facts and change its holding, or to find different facts consistent with its original holding. Imperial Chemical Industries Ltd. v. National Distillers and Chemical Corp. (2d Cir. New York), 354 F.2d 459, 19 A.L.R.3d 492. Assuming nonapplication of the doctrine of law of the case, the District Court was free to correct any error in its original findings and conclusions, without hearing new evidence as to matters not passed on by this Court. Hutchins v. State (Idaho 1979), 603 P.2d 995.

The conclusion of law that the descriptions in the mutual deeds were the result of a mutual mistake between the

- 8 -

parties at the time of the execution of the deeds is, of course, a different conclusion of law from a holding that one party has a prescriptive easement over the land of another. Nothing in our first opinion in this cause prohibited the District Court from reaching a different conclusion of law based upon the same or nearly identical facts. The finding of fact as to the mutual intent of the parties at the time of the execution of the deeds is founded on substantial evidence. It is therefore not clearly erroneous (Rule 52(a), M.R.Civ.P.) and the conclusion of law based thereon must be affirmed by us.

Angela argues, however, that the pleadings do not support the theory of mutual mistake. It is true in this case that the original complaint filed by Ermindo asked for injunctive relief to prevent Angela from interfering with the sewer system. There is no direct allegation in his pleadings as to mutual mistake, although his original complaint assumed that he was in fact the owner of the property on which the sewer system was situated. The answer of Angela contended that she was in fact the owner of the property by virtue of the descriptions in the deeds and she cross-complained against Ermindo for damages arising from trespass and a reduction in the value of her property. Regardless of the pleadings, however, an issue in the cause in the first trial before the District Court was whether a mutual mistake had been made by the parties in determining the common boundary line. The District Court made findings with respect to that issue. In this situation, the judgment finding mutual mistake between the parties and correcting the description is not improper. Under Rule 54(c), M.R.Civ.P., "every final judgment shall grant the relief to which the party in whose

favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

Angela, however, raises two further objections to the judgment entered after remand which have some merit. The first is that in the conclusions of law and judgment, the District Court entered a description of the common boundary line based upon an exact survey. No evidence was taken in the case that the line as surveyed followed accurately the line of the old board fence. Apparently the description of the common boundary line adopted by the District Court was supplied by counsel for Ermindo through proposed findings. We cannot determine from the record whether the survey accurately reflects the position of the old board fence.

The second objection raised by Angela is that the District Court, in making its final judgment, quieted title to the disputed land not only as between Angela and Ermindo, but also as to their respective remaindermen. Since no issues in the cause at this point directly affected the remaindermen, they were not parties to the action.

As to the first objection, the boundary line, this Court will on remand permit a period of sixty days for Angela to present evidence, if she may desire, as to the exact location of the old board fence, if she determines that it does not agree with the description now entered by the District Court. As to the second contention, we will modify the judgment so that title is quieted only as to the parties to this cause.

CROSS-APPEAL

- 10 -

Angela appeals from the denial by the District Court of costs which she claims by virtue of being the successful litigant on the first appeal.

Rule 33, M.R.App.P., allow costs, if not otherwise provided by this Court in its decision, automatically to the successful party against the other party. Angela timely filed her memorandum of costs after our decision in the first appeal in the amount of $706.75. The District Court did not enter judgment with respect to those costs.

Since Angela was the successful party, and properly filed her memorandum of costs, she is entitled to receive the same, although eventually the judgment on remand went against her. No appeal was taken by either party from that portion of the second judgment that each party should bear his or her own costs of suit.

Accordingly, we will on remand, direct the entry of judgment in favor of Angela for her costs on her successful appeal and sustain the further judgment of the District Court that each party will otherwise bear his or her own costs.

## CONCLUSION

The judgment of the District Court is affirmed with these modifications, which shall be entered by the District Court upon remand in this cause:

1. The District Court shall, if required by Angela within 60 days from the date of remittitur, grant a further hearing for the presentation of evidence as to the exact location of the old board fence.

2. Final judgment of the District Court shall quiet title to the disputed strip only as to the parties Ermindo and Angela.

- 11 -

3.   Angela shall be awarded her costs incurred in the first appeal in the sum of $706.75.

4.   Otherwise these parties shall bear his or her own costs in the District Court and on this appeal.

_John C. Sheehy_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_William E. Hunt Sr._

_R. C. McDonough_
Justices