DA 11-0061

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 240

SCOTT DOUGLAS WEISS,

        Petitioner and Appellee,

  v.

RAYNA MARICE WEISS,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 08-1307
Honorable Ingrid Gustafson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Kenneth D. Tolliver, Matthew B. Gallinger, Tolliver Law Firm, P.C.,
            Billings, Montana

        For Appellee:

            W. Corbin Howard, Attorney at Law, Billings, Montana

                  Submitted on Briefs:  August 24, 2011

                           Decided:  September 27, 2011

Filed:

                    _____
                             Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Rayna Marice Weiss (Rayna) appeals from the order and judgment of the District Court for the Thirteenth Judicial District, Yellowstone County, Montana, requiring Scott Douglas Weiss (Scott) to pay Rayna $49,954.79 in interest on a $280,000 loan with postjudgment interest accruing at the rate of 10% per annum until paid. Rayna appeals the District Court's determination that the principal of the loan was paid back in full and the District Court's subsequent calculation of interest. We affirm.

## ISSUE

¶2 The dispositive issue on appeal is whether the District Court was correct in deciding Scott's nine loan repayments to Rayna, totaling $280,000, were appropriately applied solely to the principal balance of the loan instead of first to the accrued interest.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Rayna and Scott met in 1990 and were married in 1993. Before marrying, they signed a premarital agreement, which provided that in the event of a divorce, any property separately held in one of their individual names would go to that person individually. In 2000, Scott purchased an ownership interest in a brokerage service (ownership interest) with $20,000 from Rayna and a $20,000 gift from Rayna's parents. He later purchased more ownership interest with the earnings from the initial ownership interest and from his personal income. In 2004, Scott purchased additional ownership interest with $50,000 borrowed from his 401(k) and $280,000 borrowed from Rayna. These funds went into Scott's separate checking account, from which he issued a check

2

to purchase the ownership interest. All of the 40% of purchased ownership interest was held solely in Scott's name.

¶4 By December 3, 2007, Scott had repaid Rayna the entire $280,000 in nine payments (with the exception of $0.10 which he later paid). The only written documentation of the loan was a repayment schedule including the forecasted and actual payments. With every payment, Scott provided Rayna with an updated printout of the repayment schedule, which showed the deduction of his payments from the principal loan amount. Rayna accepted Scott's payments and the updated repayment schedules without protest.

¶5 Scott petitioned for dissolution of the marriage in 2008. In 2009, the District Court entered Findings of Fact, Conclusions of Law and Final Decree of Dissolution of Marriage. Each party was awarded the assets in their separate names, the entire 40% ownership interest was awarded to Scott, and the $280,000 loan from Rayna was deemed an interest-free loan. Rayna appealed.

¶6 In 2010, this Court determined the $20,000 Rayna transferred to Scott in 2000 was a gift, the 40% ownership interest was solely Scott's, and the $280,000 Rayna transferred to Scott in 2004 was a loan that required the payment of interest at the rate of 10% a year, as per § 31-1-106(1), MCA. We remanded to the District Court for calculation of interest at the rate of 10% a year on the $280,000 loan, from the time when Rayna transferred the funds to Scott until the amount was paid in full. *In re Marriage of Weiss*, 2010 MT 188, ¶ 34, 357 Mont. 320, 239 P.3d 123 [hereinafter *Weiss I*]. Upon remand, the District Court concluded Scott owed Rayna interest at a rate of 10% a year for the unpaid

3

principal amounts for the life of the loan. Under this calculation, interest was calculated on the unpaid principal until the principal was entirely paid off in accordance with the repayment schedule. The District Court concluded that the accrued interest on the unpaid principal amounted to $49,954.79.

¶7 Rayna appeals the District Court's calculation of interest. Rayna argues the nine repayments should have been applied first to the interest accrued as of those dates, with any excess applied to the remaining principal. By this calculation, Rayna asserts there remains $62,473.27 of unpaid principal and $18,502.36 of accrued interest since the last payment on December 3, 2007, totaling $80,975.63 owed by Scott.

## STANDARD OF REVIEW

¶8 Determining the method to be used to calculate interest in this appeal is an issue of law. "This Court reviews issues of law to determine whether the district court's application or interpretation of the law is correct." *MacPheat v. Schauf*, 2002 MT 23, ¶ 7, 308 Mont. 215, 41 P.3d 895 (citing *Williams v. Zortman Mining, Inc.*, 275 Mont. 510, 512, 914 P.2d 971, 972-73 (1996)).

## DISCUSSION

¶9 This is the second appeal by these parties to this Court. As decided by this Court in the first appeal, Scott owed Rayna interest on the $280,000 loan at a rate of 10% a year. According to § 31-1-103, MCA, "[w]henever a loan of money is made, it is presumed to be made upon interest unless it is otherwise expressly stipulated at the time in writing." There was no express statement in writing regarding interest at the time of the loan, and therefore, under Montana law, the loan was made upon interest.

4

¶10 This Court further decided in the first appeal that because there was no express contract in writing fixing the interest rate, the default interest rate under Montana law fixes the interest rate at 10% a year after it becomes due. Section 31-1-106(1), MCA, provides:

> Except as otherwise provided by the Uniform Commercial Code, 31-1-111 and 31-1-112, or 31-1-817, unless there is an express contract in writing fixing a different rate or a law or ordinance or resolution of a public body fixing a different rate on its obligations, interest is payable on all money at the rate of 10% a year after it becomes due on:
> (a) any instrument of writing, except a judgment;
> (b) an account stated;
> (c) money lent or due on any settlement of accounts from the date on which the balance is ascertained; and
> (d) money received for the use of another person and detained from that person.

¶11 These conclusions are incorporated into the instant case by the doctrine of the law of the case, which applies to issues previously before this Court on subsequent proceedings and appeals. *In re Marriage of Becker*, 255 Mont. 357, 360, 842 P.2d 332, 334 (1992). In *Becker*, we noted:

> When this Court on appeal affirms in part the judgment of the District Court, and remands for reconsideration other parts of the appeal, those parts of the judgment which are affirmed become the law of the case and are binding upon the trial court and the parties in subsequent proceedings on remand. Once a decision has been rendered by this Court on a particular issue between the same parties in a case, that decision is binding upon the courts and the parties and cannot be relitigated in a subsequent appeal.

*Becker*, 255 Mont. at 360-61, 842 P.2d at 334 (citations omitted). Simply, on remand, "[t]he trial court should examine the mandate and the opinion of the reviewing court and proceed in conformity with the views expressed" by the appellate court, "as to any question not presented or settled by such decision." *Zavarelli v. Might*, 239 Mont. 120,

125-26, 779 P.2d 489, 493 (1989). As Rayna correctly attests, the District Court was required to adhere to this Court's direction on remand to calculate interest owed at the rate of 10% a year. We conclude it did.

¶12    The District Court originally determined Scott repaid Rayna the entire $280,000 principal of the loan prior to the dissolution. This Court subsequently affirmed that part of the judgment in *Weiss I*. We then remanded "to the District Court for calculation of interest at the rate of 10% a year from the date Rayna first transferred the funds to Scott until the amount *was* paid in full." *Weiss I*, ¶ 34 (emphasis added). Thus, the determination by this Court that the entire loan was repaid is law of the case and is dispositive of Rayna's present argument that there remains due a portion of the loan principal.

¶13    We now turn to the issue of interest calculation. Notably, the repayment schedule did not contemplate interest, but rather specified that each payment be applied directly to the principal of the loan. Scott provided Rayna with an updated printout of the repayment schedule with each payment. Each time, Rayna accepted the payment and the updated repayment schedule without protest. It wasn't until December 2010 that Rayna expressed a different viewpoint as to how the repayments should have been applied to the loan. At that time, Rayna moved the court for entry of judgment against Scott for "the principal amount of $62,473.27, together with interest accrued on such sum from December 3, 2007, until paid." These facts demonstrate that during the period of repayment, Scott and Rayna implicitly agreed that each payment was to be applied to the principal, not to interest accrued at the time of the payments.

6

¶14 The District Court calculated the interest Scott owed Rayna at the rate of 10% a year by applying the simple interest equation to the unpaid principal amounts during the existence of the loan. The timeframe for the calculations was between November 16, 2004, when Rayna electronically transferred the $280,000 to Scott, and December 3, 2007, when Scott made the final payment to Rayna. The simple interest formula to calculate interest, as used by Scott and confirmed by the District Court, appears to be:

$$\text{Total amount of interest owed between payments} = \frac{0.10 \text{ interest rate}}{365 \text{ days}} \times \text{Remaining principal amount due} \times \text{Number of days of accumulated interest since last payment}$$

By adding together all of the total amounts of interest owed between payments, based on the dates Scott made payments to Rayna on the principal, we determine the sum total owed is $49,954.79.

¶15 Finally, Rayna argues that she is entitled to prejudgment interest on the $280,000 loan. However, in her brief on appeal, she states that if we agree with the District Court's decision, "the discussion is concluded," and we need not further address her remaining calculation arguments. We agree with this concession, and in light of the foregoing, decline to consider or award prejudgment interest.

**CONCLUSION**

¶16 For the foregoing reasons, we conclude the District Court's conclusions of law were correct. The District Court correctly determined that the $280,000 loan was paid off in full by Scott as of December 3, 2007, and its subsequent calculation of simple interest on the loan was correct.

¶17    The District Court judgment is affirmed.


                                    /S/ PATRICIA COTTER


We concur:


/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ BRIAN MORRIS
/S/ JIM RICE