

DA 12-0416

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 124

IN RE THE MARRIAGE OF:

JOHN R. STEAB,

      Petitioner and Appellee,

  and

LAUNA J. LUNA,

      Respondent and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
                    In and For the County of Lewis and Clark, Cause No. BDR-2002-82
                    Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Launa J. Luna (Self-Represented), Kaysville, Utah

      For Appellee:

            Robert T. Cameron, Gough, Shanahan, Johnson & Waterman, PLLP,
            Helena, Montana

                         Submitted on Briefs:  February 6, 2013

                                   Decided:  May 7, 2013

Filed:

_____
                        Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Launa Luna and John Steab were married in 1987. During the marriage, the couple had three children, two of whom have reached the age of majority. Steab and Luna divorced in October 2002 when their children were fifteen and twelve years of age and twenty-two months old. The children resided at different times with either their mother or father; therefore both Luna and Steab were at times obligated to the other for child support. Since their divorce, Steab and Luna have been repeatedly engaged in some form of litigation against one another and have been before this Court on a previous appeal. *See Steab v. Luna*, 2010 MT 125, 356 Mont. 372, 233 P.3d 351 (*Steab I*). The most recent proceeding, and the one from which this appeal arises, pertains to child support arrearages on the part of both parties and the interest to be imposed on those arrearages. The First Judicial District Court's order resolved the raised issues in favor of Steab. Luna, representing herself, appeals. We affirm in part and reverse and remand in part.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 The factual background for this case is set forth in *Steab I* and will not be repeated here. This appeal challenges the legal conclusions set forth in the District Court's June 4, 2012 Order Regarding Child Support Arrearage (June 4, 2012 Order). By the time this order was issued, the two older children had reached the age of majority. Also, both parents had had legal primary custody of their youngest daughter at different times and had failed to timely pay their child support obligations to the other. This resulted in an arrearage on the part of both parents, raising an issue of the balances due and the interest

2

owed on those balances. Additionally, Steab did not complete payment of his ordered portion of marital debt, and obtained an order of relief in U.S. Bankruptcy Court.

¶3 The District Court's June 4, 2012 Order determined that Steab's child support arrearage was to be offset against Luna's larger child support arrearage. The court held, without factual findings, that after such offset Luna owed Steab $2,263.24 plus 12% interest per annum until paid. The court further ordered that Steab was not required to pay interest on his arrearages to Luna retroactive to October 2008, and that the marital debt owed by Steab had been discharged in Bankruptcy Court in 2011 and was no longer a debt owed by him to Luna.

¶4 It is from the June 4, 2012 Order that Luna appeals.

## ISSUE

¶5 Luna raises numerous issues on appeal. A restatement of those issues is:

¶6 Did the District Court commit reversible error when it did not issue findings of fact and conclusions of law with its June 4, 2012 Order Regarding Child Support Arrearage?

¶7 Did the District Court err in awarding Steab 12% retroactive interest on Luna's arrearage?

¶8 Was Steab's February 2012 Motion for Order Directing Child Support Enforcement Division to Offset Arrearage and Request for Attorney's Fees timely filed with the District Court?

¶9 Did the District Court abuse its discretion by taking judicial notice of a U.S. Bankruptcy Court determination that Steab's marital debt was discharged by the Bankruptcy Court in 2011?

## STANDARD OF REVIEW

¶10 Determining the method to be used to calculate interest is an issue of law that this Court reviews to determine whether the district court's application or interpretation of the law is correct. *Weiss v. Weiss*, 2011 MT 240, ¶ 8, 362 Mont. 157, 261 P.3d 1034.

¶11 We review a district court's decision to take judicial notice of facts and law for an abuse of discretion. *United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994), cert. denied, 514 U.S. 1135, 115 S. Ct. 2017 (1995).

## DISCUSSION

¶12 This case has a long and complex procedural history. It is unnecessary to recite all of this history in order to resolve the discrete issues presented. The last three orders of the court are at issue here. In brief, they are:

> October 19, 2011          Order
> This Order amended and corrected the October 2, 2008 Order and Judgment to reflect that as of December 31, 2007, Steab owed $20,648 in child support arrears and $13,598.26 in marital debt rather than $34,246.26 in child support arrears.

> March 27, 2012          Order Regarding Child Support
> This order addressed the District Court's August 18, 2011 Findings of Fact, Conclusions of Law and Order and the court's October 19, 2011 Order and stated:
>     1. Steab's motion requesting an order that the Child Support Enforcement Division (CSED) cease garnishing Steab's wages was timely filed;
>     2. CSED was ordered to offset Steab's March 27, 2012 $5,744.28 arrearage against Luna's March 27, 2012 $7,378 arrearage;

4

3. CSED was to stop garnishing Steab's wages;
4. Steab's child support obligation was fulfilled; and
5. the parties were ordered to submit simultaneous interest calculations by May 15, 2012.

June 4, 2012               Order Regarding Child Support Arrearage

Based upon the parties' submitted interest calculations, this order:
1. struck the amount of Luna's arrearage referenced in the March 27, 2012 order;
2. entered a child support arrearage judgment in favor of Steab and against Luna for $2,263.24, which included a 12% interest on arrears and imposed a 12% annual interest rate until Luna's arrearage was paid in full;
3. denied Luna's request for interest retroactive to October 2008; and
4. took judicial notice that Steab's marital debt had been discharged in Bankruptcy Court in 2011.

¶13 *Did the District Court err when it did not issue findings of fact and conclusions of law with its June 4, 2012 Order Regarding Child Support Arrearage?*

¶14 Luna notes that in the District Court's March 27, 2012 Order Regarding Child Support, the court requested that both parties submit an interest calculation regarding child support arrearages to the court for its consideration. She claims that Steab included unsolicited information in his submission, in an attempt to "re-litigate the [March 27] 2012 Order Regarding Child Support." She argues she had no opportunity to respond to Steab's submission. She further claims that the District Court considered this unsolicited information and adopted it, without findings of fact "as to the evidentiary basis," in the June 4, 2012 Order. Relying upon *In re Marriage of Barron*, 177 Mont. 161, 580 P.2d 936 (1978), *In re Estate of Craddock,* 173 Mont. 8, 566 P.2d 45 (1977), and *Jones v. Jones*, 190 Mont. 221, 620 P.2d 850 (1980), and arguing the importance of adequate findings, Luna asserts this is reversible error.

5

¶15 While we acknowledge that this Court has underscored the critical importance of adequate findings of fact in the cases cited by Luna, we conclude these cases are distinguishable and inapposite. In *Barron*, we required findings of fact in order to establish the foundation for the court's judgment. *Barron*, 177 Mont. at 164, 580 P.2d at 938. In *Craddock*, we remanded for findings of fact because the court had not explained the basis for admitting a contested will to probate. *Craddock*, 173 Mont. at 11-12, 566 P.2d at 46. In *Jones*, the appeal was from certain visitation arrangements contained in the parties' settlement agreement and divorce decree. Thus, these cases concerned determinations made by the district court following trial. Here, by contrast, Steab had submitted interest calculations as directed by the court, and alerted the court in his submission that there was an error contained in the court's previous order pertaining to Steab's arrearage amount. Because it is apparent that the court simply adopted Steab's analysis as set forth in his motion, it was unnecessary for the court to enter formal findings and conclusions. A district court is not required to state findings and conclusions when ruling on a motion. M. R. Civ. P. 52(a)(3). We therefore reject Luna's challenge in this regard.

¶16 *Did the District Court err in awarding Steab 12% interest on Luna's arrearage?*

¶17 In Luna's submission of interest calculations, she calculated interest owed by Steab at the statutory rate of 10% per annum retroactive to October 2, 2008. Steab, on the other hand, proposed that interest be calculated beginning on November 1, 2011,

6

shortly after the District Court amended and corrected the October 2008 Order and Judgment.[1] Additionally, he recommended a per annum rate of 12%.

¶18 When Steab submitted his interest calculations, he provided the District Court with two calculations—one based upon his arrearages as set forth in the March 27, 2012 Order Regarding Child Support and one using a corrected arrearage balance based upon CSED's release of additional payments to Luna. The District Court adopted Steab's calculation using the arrearage balances set forth in the March 27, 2012 order.

¶19 In his calculations, Steab applied a 12% annual interest rate on both parties' arrearages from November 2011 forward. After performing his interest calculations, Steab determined that he owed $281.01 in interest and Luna owed $516.46 in interest. Adding these interest amounts to each arrearage balance, Steab concluded he owed Luna a total of $5,631.22 and Luna owed him $7,894.46. Performing the offset, he subtracted his arrearage from Luna's, and derived a total due to him from Luna of $2,263.24. The District Court adopted this amount and ordered Luna to pay 12% annual interest on this balance until it was paid in full.

¶20 Citing § 25-9-205, MCA, Luna argues that Steab "cannot collect 12% interest retroactively" on her alleged arrearage. Section 25-9-205, MCA, provides that interest on a judgment, with certain exceptions, is at a rate of 10% per year and may not be compounded. In *In re Marriage of Winters*, 2004 MT 82, ¶ 49, 320 Mont. 459, 87 P.3d

---

[1] On October 19, 2011, the court amended its October 2008 Order and Judgment by stating that Steab's child support arrearage through December 2007 was **not** $34,246.26 as stated in the October 2008 Order and Judgment but rather his unpaid child support was $20,648 and his unpaid marital debt was $13,598.26.

1005, we held that the district court erred when it waived the interest on the husband's child support arrearage. We noted that if a marital dissolution decree was silent as to interest, interest is automatically collectible by the judgment creditor spouse on past due support or maintenance payments. *See also Williams v. Budke*, 186 Mont. 71, 79, 606 P.2d 515, 519 (1980). As there was no interest provision in the dissolution decree nor was there a stipulated agreement between the parties to a higher interest rate, the District Court erred in adopting Steab's calculations that included a 12% interest rate on both parties' arrearages and in imposing 12% interest on Luna until her arrearage is paid in full. We therefore reverse the District Court's ruling as to interest on the arrearages and remand for a recalculation of interest at the statutory rate of 10%. We also conclude, for the reasons discussed below, that the District Court erred in calculating interest beginning in November 2011.

¶21 *Did the District Court err when it imposed interest on the parties' arrearages beginning November 2011?*

¶22 It is undisputed that Steab was delinquent in his child support payments beginning shortly after entry of the October 2002 dissolution decree. It is also well-established that delinquent child support payments become a judgment debt similar to any other money judgment and upon which statutory interest may be imposed. *See In re Marriage of Brown*, 263 Mont. 184, 867 P.2d 381 (1994) and *In re Marriage of Hooper (Crittendon)*, 247 Mont. 322, 806 P.2d 541 (1991). However, in the case before us, the record does not provide accurate or complete records upon which to calculate interest on Steab's

8

arrearages dating back to 2003 or 2004. The record does allow such a calculation beginning October 2, 2008.

¶23 While the October 2, 2008 Order and Judgment incorrectly combined Steab's delinquent child support with his delinquent marital debt, it was well documented at that time that Steab owed Luna $20,648 in back child support. Therefore, based upon our case law, Luna's request for interest beginning in October 2008, and the availability of an accurate arrearage balance upon which to calculate interest, we conclude the District Court should have imposed a 10% annual rate of interest on Steab's arrearage beginning in October 2008.

¶24 Luna's interest calculation on Steab's arrearages submitted to the District Court on May 15, 2012, appears to be correct. Notably, Luna arrives at the same conclusion as CSED that Steab's child support obligation was fulfilled and paid in full in January 2012, based upon payments and offsets.

¶25 We acknowledge this resolution does not provide Luna with interest payments retroactive to Steab's earliest delinquency in 2003 and it does not address Steab's claim that his delinquent child support was overstated based upon Luna's alleged salary and asset misrepresentation to the District Court. However, it nonetheless represents the fairest resolution the District Court could have reached given the state of the record before us.

¶26 For the foregoing reasons, we reverse and remand this matter to the District Court with instructions to recalculate the interest on Steab's arrearages back to October 2008 and on Luna's arrearage back to July 2010 using the statutory interest rate of 10% per

9

annum, perform the offset calculation based upon the revised balances, determine Luna's new arrearage balance if any, and impose a 10% interest rate on the balance until it is paid in full.

¶27  *Was Steab's Motion for Order Directing Child Support Enforcement Division to Offset Arrearage and Request for Attorney's Fees timely filed with the District Court?*

¶28  Luna argues that Steab's February 14, 2012 motion requesting an order instructing CSED to offset his arrearage with Luna's and to cease garnishing his wages should have been summarily denied because Steab failed to file a timely notice of entry of judgment after he prevailed in the previous motion proceeding. Luna provides no authority for her contention that failure to file a notice of entry of judgment under M. R. Civ. P. 77(d) precludes Steab from filing a subsequent M. R. Civ. P. 60 motion for the correction of an order within the time provided in Rule 60. The sole authority cited by Luna is *Kenney v. Koch*, 227 Mont. 155, 737 P.2d 491 (1987). *Kenney*, however, stands for the rule that if both parties prevail in an action, both parties have an obligation to comply with Rule 77(d) and if neither party complies, neither can argue that the other's appeal is untimely because no notice of entry of judgment was served. There is nothing in *Kenney* to support a conclusion that one must file a notice of entry of judgment in order to preserve the right to later file a Rule 60 motion. We therefore reject this argument.

¶29  *Did the District Court abuse its discretion by taking judicial notice of an order of the U.S. Bankruptcy Court that Steab's marital debt was discharged by the Bankruptcy Court in 2011?*

¶30  Finally, Luna claims that the marital debt owed to her by Steab "could not be released via bankruptcy." Essentially, Luna is asking the District Court and this Court to

10

overturn, or simply ignore, a federal bankruptcy court ruling. We are not authorized to do so.

¶31 M. R. Evid. 201(d) authorizes the District Court to take judicial notice of facts when "requested by a party and supplied with the necessary information." Moreover, M. R. Evid. 202(b)(6) allows a court to take judicial notice of law, including, "[r]ecords of any court of this state or of any court of record of the United States or any court of record of any state of the United States." *See Farmers Plant Aid, Inc. v. Fedder*, 2000 MT 87, ¶ 27, 299 Mont. 206, 999 P.2d 315. Steab requested that the court take notice of the bankruptcy action and supplied the District Court with the necessary information. Luna's claim of error is against the U.S. Bankruptcy Court, not the District Court. The District Court did not abuse its discretion by taking judicial notice of the U.S. Bankruptcy Court order.

## CONCLUSION

¶32 Based upon the foregoing, we reverse and remand the District Court's June 4, 2012 Order Regarding Child Support Arrearage awarding Steab 12% retroactive interest and remand with instructions that the court calculate 10% per annum interest, per statute, on Steab's arrearage back to 2008 and on Luna's arrearage back to 2010. We affirm the District Court's rulings as to the remaining issues on appeal.


/S/ PATRICIA COTTER

11

We Concur:

/S/ BRIAN MORRIS
/S/ JIM RICE
/S/ LAURIE McKINNON
/S/ BETH BAKER