

DA 13-0072

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 330N

MONTANA DEPARTMENT OF TRANSPORTATION,

        Plaintiff and Appellant,

  v.

AMERICAN BANK OF MONTANA, a
Montana Corporation,

        Defendant and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and For the County of Flathead, Cause No. DV 04-474B
                Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Valerie D. Wilson, Carol Grell Morris, Special Assistant Attorney Generals,
                Montana Department of Transportation; Helena, Montana

        For Appellee:

                A. Clifford Edwards, Triel D. Culver, Jackie S. Shields, Edwards, Frickle &
                Culver; Billings, Montana

                                Submitted on Briefs:  October 16, 2013
                                          Decided:  November 6, 2013

Filed:

                        _____
                                   Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Montana Department of Transportation (Department) appeals from the District Court's order of October 25, 2012, that determined § 70-30-306(2), MCA, to be in violation of Article II, Section 29 of the Montana Constitution. We affirm the District Court's award of attorney's fees and vacate the District Court's order of October 25, 2012.

¶3 We consider for a second time the appropriate amount of attorney's fees in this condemnation proceeding. The Department initiated a condemnation proceeding of a portion of American Bank's property in 2004. The District Court dismissed the Department's complaint with prejudice in 2005. The District Court awarded American Bank reasonable and necessary attorney fees as a result of the dismissal.

¶4 American Bank failed to file a request for the award. American Bank's attorneys instead filed affidavits that attested that each attorney had lowered their hourly rates to be consistent with the hourly billing rates of other Flathead County eminent domain attorneys. The Department objected to American Bank's requested attorney's fees as being in conflict with § 70-30-306(2), MCA. The Department alleged that American Bank's requested rates exceeded the "customary hourly rates" for an attorney in Flathead County.

2

¶5 The District Court entered a post-judgment order that awarded $116,739.53 in litigation expenses to American Bank. The District Court based its award on the hourly rates for the attorneys contained in American Bank's affidavit. The Department appealed that award. We reversed and remanded to the District Court for further limited proceedings "to determine attorney fees pursuant to § 70-30-306(2), MCA." *State, ex rel. Montana Dep't of Transp. v. Am. Bank of Montana*, 2008 MT 362, ¶ 21, 346 Mont. 405, 195 P.3d 844 (*Am. Bank of Montana I*).

¶6 Nearly one year after remittitur from this Court, American Bank shifted its strategy. American Bank filed a motion to set a scheduling conference and notified the District Court and the Department for the first time that it would challenge the constitutionality of § 70-30-306(2), MCA. American Bank argued that our prior holding "instructed [the District Court] to award attorney fees based upon an artificial number that is neither reasonable nor related to actual necessity." American Bank further argued that "such an award would violate th[e District] Court's duty to uphold the Constitution[al]" right to just compensation for American Bank, as Article II, Section 29 of the Montana Constitution requires in eminent domain proceedings.

¶7 The District Court agreed with American Bank and issued an order on October 25, 2012, that declared § 70-30-306(2), MCA, unconstitutional. The District Court concluded that the right to recover fees in an eminent domain proceeding represents a fundamental right. The District Court concluded that § 70-30-306(2), MCA, "lacks a compelling state

3

interest" that could withstand the strict scrutiny applied to constraints on fundamental rights. The Department appeals.

¶8     The parties and the District Court must adhere to this Court's statement of a principle or rule of law necessary to a decision on appeal throughout any of the case's subsequent proceedings. *Haines Pipeline Const., Inc. v. Montana Power Co.*, 265 Mont. 282, 289-91, 876 P.2d 632, 637-38 (1994); *Zavarelli v. Might*, 239 Mont. 120, 124-26, 779 P.2d 489, 492-93 (1989). The general rule that the District Court may consider any matters left open following this Court's review does not apply when we reverse and remand a case with specific limiting instructions. *Zavarelli*, 239 Mont. at 124-26, 779 P.2d at 492-93. When this Court reverses and remands for a single purpose, the District Court retains jurisdiction to consider only the limited issues that this Court reversed and remanded. *Haines Pipeline Const.*, 265 Mont. at 289-91, 876 P.2d at 637-38.

¶9     We previously remanded to the District Court for further limited proceedings "to determine attorney fees." *Am. Bank of Montana I*, ¶ 21. The "[r]easonable and necessary attorney fees" that we required the District Court to determine became the law of the case. Section 70-30-306(2), MCA. The law of the case required that the statute remain the basis for fees as the District Court originally determined and this Court affirmed. The District Court lacked jurisdiction to consider for the first time the constitutionality of the statute allowing its award of attorney's fees. *Haines Pipeline Const.*, 265 Mont. at 289-91, 876 P.2d at 637-38; *Zavarelli*, 239 Mont. at 124-26, 779 P.2d at 492-93.

4

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions. We vacate the District Court's October 25, 2012, order. We decline to express any opinion about the constitutionality of § 70-30-306(2), MCA. We nevertheless affirm the District Court's award of attorney's fees as contained in its order of November 30, 2012, as being consistent with the requirements of § 70-30-306, MCA, and valid under the law of the case.


/S/ BRIAN MORRIS

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JIM RICE


Justice Patricia Cotter concurring in part and dissenting in part.

¶11 I concur and dissent.

¶12 I dissent from the Court's holding affirming the District Court's award of fees. As indicated, we previously remanded to have the court determine fees pursuant to § 70-30-306(2), MCA. *Am. Bank of Montana I*, ¶ 21. However, because it declared this provision of the statute unconstitutional, the court on remand assessed fees under § 70-30-306(1), MCA. In that we have now vacated the court's order declaring § 70-30-306(2), MCA, unconstitutional, the subject provision remains the law. Therefore, if we are to honor the law of the case, fees should be determined in accordance with

5

§ 70-30-306(2), MCA, and not § 70-30-306(1), MCA, as was done by the District Court. I would remand for this to be accomplished.

¶13 I concur in the remainder of the Court's Opinion. I add that I stand by my Dissent in *Am. Bank of Montana I.* I urge the Court to abandon its requirement that fees be assessed based upon the "hourly rates typical or common for a *non-specific* attorney's services in the county in which the trial is held," *Am. Bank of Montana I*, ¶ 14, (emphasis added), and allow consideration by district courts of the *Forrester v. Boston & Mont. Consol. Copper & Silver Mining Co.*, 29 Mont. 397, 409, 74 P. 1088, 1093 (1904) factors when assessing the reasonableness and necessity of attorney fees in condemnation cases.

/S/ PATRICIA COTTER