ORIGINAL


FILED

09/14/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0147

DA 21-0147

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 237N

HUNTER SIMPKINS and PATRICK GUSTIN,

  Plaintiffs and Appellees,

 v.

SHARON J. SPECK,

  Defendant and Appellant.

FILED

SEP 14 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

APPEAL FROM: District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. DDV-2017-569
Honorable Christopher D. Abbott, Presiding Judge

COUNSEL OF RECORD:

  For Appellant:

   Burt W. Ward, Jackson, Murdo & Grant, P.C., Helena, Montana

  For Appellees:

   Mark Lancaster, Element Law Group, PLLC, Helena, Montana

      Submitted on Briefs: August 25, 2021

        Decided: September 14, 2021

Filed:

       _____
            Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In *Simpkins v. Speck*, 2019 MT 120, 395 Mont. 509, 443 P.3d 428 ("*Simpkins I*"), we affirmed the Justice Court's finding that Sharon Speck's manner of feeding birds on her property caused a nuisance, but we reversed as overly broad the court's injunction prohibiting Speck from all bird feeding within one hundred feet of Hunter Simpkins and Patrick Gustin's property. *Simpkins I*, ¶¶ 16, 21. The record showed that the birds causing the nuisance were attracted by ground feeding and Speck's unfrozen water source during the winter, and the injunction thus did not need to include hanging feeders that attracted non-nuisance varieties of birds. *Simpkins I*, ¶ 21.

¶3 On remand, the Justice Court issued an order clarifying the injunction, which Speck appealed to the District Court. The District Court agreed with her in part, finding that "the order is not completely clear as to how its various provisions interrelate." Pursuant to § 3-10-115(3), MCA—allowing a reviewing court in such a case to "direct the proper order or judgment to be entered"—the District Court clarified that Speck would be enjoined from the following:

>    1. Speck is prohibited from all ground feeding of birds on her property year-round;

2

2. Speck is prohibited from providing open water for birds during the winter months, beginning with the first day of winter, through the first day of spring of each calendar year;

3. Speck is prohibited from any feeding, including hanging any bird feeders, that attracts magpies, pigeons, crows, ravens, doves, or other larger birds, within 100 feet from Plaintiffs' property; and

4. Speck may hang bird feeders attracting hummingbirds, songbirds, and other small birds wherever she deems appropriate in her yard.

¶4 We review for a manifest abuse of discretion the scope of a district court's order for permanent injunctive relief. *Shammel v. Canyon Res. Corp.*, 2003 MT 372, ¶ 12, 319 Mont. 132, 82 P.3d 912 (a manifest abuse of discretion is one that is obvious, evident, or unmistakable). Speck argues on appeal that the District Court abused its discretion by "issu[ing] injunctive relief that broadly expanded the scope of this Court's ruling to include Ms. Speck's front yard, which was not originally found to be a part of the nuisance[.]"

¶5 "The trial court should examine the mandate and the opinion of the reviewing court and proceed in conformity with the views expressed therein." *Zavarelli v. Might*, 239 Mont. 120, 126, 779 P.2d 489, 493 (1989). We remanded in *Simpkins I* for an injunction that more narrowly addressed the conduct causing the nuisance. *Simpkins I*, ¶ 21. The District Court's order narrowly and specifically addresses this conduct by allowing bird feeders that attract non-nuisance varieties of birds, limiting feeders that attract larger varieties of birds within a reasonable distance of Simpkins and Gustin's property, and prohibiting the feeders and water sources that were found to largely cause the nuisance. The order is not "broader than necessary to cure the effects of the harm caused by the violation." *Simpkins*, ¶ 19 (citations omitted).

3

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. The issue on appeal is resolved by the clear application of the governing standard of review. The District Court's final order was not a manifest abuse of discretion, and we accordingly affirm.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

4